**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-50244
No. 99-50245

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**PATRICK STIEFEL,**

**Defendant-Appellant.**

Appeals from the United States District Court
for the Western District of Texas

March 20, 2000

Before KING, Chief Judge, and DUHÉ and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

In these consolidated appeals, Patrick Stiefel challenges the district court's revocation of his supervised release and its imposition of a 14 month term of imprisonment. Because the revocation and the resulting sentence were not in violation of law or plainly unreasonable, we affirm.

**I.**

On April 7, 1992, Patrick Stiefel was sentenced to two terms of 57 months imprisonment, to be followed by two years of supervised release, all to be served concurrently, for two violations of 18 U.S.C. § 2113(a), prohibiting bank robbery. After serving his term of imprisonment, Stiefel was released on January 18, 1996, and began his supervised release. But on May 16, 1997, the district court revoked Stiefel's concurrent terms of supervised

release because, among other things, he failed a drug urinalysis. The district court resentenced him to two terms of 10 months imprisonment and 14 months supervised release, all to be served concurrently. The order was entered nunc pro tunc on July 24, 1997. Stiefel did not appeal his resentencing.

On February 12, 1998, Stiefel began his second term of supervised release. While serving that term, Stiefel filed on July 24, 1998, an application for writ of habeas corpus to vacate the second term of supervised release. He alleged that under circuit precedent the district court lacked authority pursuant to 18 U.S.C. § 3583(e)(3) to impose a term of supervised release along with a term of imprisonment after the revocation of his initial supervised release. Furthermore, Stiefel maintained that the 1994 amendment to 18 U.S.C. § 3583, authorizing the imposition of supervised release in addition to imprisonment after revocation of supervised release, could not be applied in his case because it would violate the Ex Post Facto Clause. On July 28, 1998, the district court denied Stiefel's application. Stiefel did not appeal that ruling.

On October 27, 1998, the government moved to revoke Stiefel's second term of supervised release, alleging that Stiefel tested positive for cocaine in violation of his release conditions. Stiefel contested that motion, filing a "Motion to Dismiss Petition to Revoke Supervised Release," which again stated that the district court lacked authority to impose supervised release after his first revocation. On November 12, 1998, the district court denied the

2

government's and Stiefel's motions. In denying Stiefel's motion, the district court noted that it had rejected Stiefel's contentions earlier in the order denying his "Application for Writ of Habeas Corpus and Entry of Nunc Pro Tunc Order." It directed Stiefel to continue in his term of supervised release until April 12, 1999, under the same terms and conditions as previously set.

On February 4, 1999, the government again filed a motion for revocation, alleging alcohol intoxication in violation of his release. Stiefel responded by filing another "Motion to Dismiss Petition to Revoke Supervised Release," which presented the same issues that the district court already determined in its orders denying Stiefel's previous "Motion to Dismiss Petition to Revoke Supervised Release" and "Application for Writ of Habeas Corpus and Entry of Nunc Pro Tunc Order." The district court denied Stiefel's motion. Moreover, on February 25, 1999, it revoked Stiefel's second term of supervised release and resentenced him to two terms of 14 months imprisonment to run concurrently. These consolidated appeals ensued.

## II.

Before proceeding to the specific matter on appeal, we note that, in his brief, Stiefel also questions the district court's application of 18 U.S.C. § 3583(h) to his sentence after revocation of his first term of supervised release in May 1997. Stiefel did not explicitly address that issue in his "Notice of Appeal In Forma Pauperis." Indeed, that notice only mentions the sentence that the district court meted out after the second revocation. Furthermore,

3

under Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal must be filed in the district court within 10 days after the entry of either the judgment or the order being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i) & (ii). Here, Stiefel never filed a notice of appeal regarding his sentence after the first revocation of supervised release. Although Stiefel ultimately filed an application for writ of habeas corpus, that was not a notice of appeal. Even if we considered that application to have been a notice of appeal, it was clearly not within the 10 day requirement of Rule 4(b).

Notwithstanding those insufficiencies, Stiefel asserts that a challenge of his sentence after the first revocation may proceed because the district court's imposition of a second term of supervised release was an illegal sentence. He argues that under **United States v. Henry**, 709 F.2d 298 (5th Cir. 1983) (en banc), we have the power to correct such illegal sentences at any time and that a formal notice of appeal is not necessary. Stiefel's reliance on **Henry** is misplaced. The specific issue in that case was whether a district court could alter parts of sentences that were not illegal and which had been affirmed previously on appeal. In discussing that issue, we noted the history of the district courts' power to correct sentences in relation to Rule 35 of the Federal Rules of Criminal Procedure. At the time of **Henry**, Rule 35(a) provided in pertinent part that "[t]he court may correct an illegal sentence at any time." But in 1987, Rule 35 was amended, and today, subsection (a) reads:

4

> The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court . . . .

There is no language that indicates that the court of appeals has a right to correct any purportedly illegal sentence at any time. Indeed, § 3742 does not permit an appeal beyond Rule 4(b)'s 10 day period for appeal. *See United States v. Early*, 27 F.3d 140 (5th Cir. 1994). In light of these facts, Stiefel has waived any appeal of the sentence that he received upon revocation of his first term of supervised release.

## III.

What is properly before this court is Stiefel's challenge of the district court's revocation of his second term of supervised release and its imposition of a 14 month term of imprisonment. We will uphold Stiefel's sentence after revocation of supervised release "unless it is in violation of law or is plainly unreasonable." *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994) (citing *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992)).

Steifel first contends that the second term of supervised release, which he violated and which he is being punished for with a 14 month term of imprisonment, was unconstitutionally meted out by the district court after he violated his first term of supervised release and, as such, should not form the basis for any subsequent sentences. In essence, he attacks his current term of imprisonment by asking us to review the sentence that he originally

5

failed to appeal. That argument, however, is foreclosed. The district court addressed Stiefel's constitutionality contention in its order denying his "Application for Writ of Habeas Corpus and Entry of Nunc Pro Tunc Order." There, the district court specifically concluded that the application of § 3583(h) to Stiefel's first revocation did not violate the Ex Post Facto Clause. Because that issue was fully litigated, the doctrine of res judicata bars any further litigation. *See* **United States v. Shanbaum**, 10 F.3d 305, 311 (5th Cir. 1994) ("[I]ssue preclusion prohibits a party from seeking another determination of the litigated issue in the subsequent action.").

Stiefel next argues that the district court did not have authority pursuant to 18 U.S.C. § 3583(e) & (h) to incarcerate him for a second violation of supervised release because those provisions do not speak of second revocations. Section 3583(e)(3) states, in pertinent part, that "[t]he court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . .," while § 3583(h) allows the district court the leeway of combining prison time and supervised release when resentencing a defendant who violates supervised release.[1]

---

[1] The version of § 3583(e)(3) in effect at the time of Stiefel's original sentencing in 1992 also had language to that same effect. As for § 3583(h), it provides:

When a term of supervised release is revoked and

6

Although neither provision mentions second or further revocations, they do permit more than one revocation of supervised release. The grant of statutory authority in § 3583(e) refers to the district court's general power to revoke a term of supervised release after considering certain factors. Hence, the issue under § 3583(e) is not whether a second revocation may occur, but whether the district court, after considering certain factors, believes that revocation is appropriate for a defendant on supervised release. If a defendant is on supervised release and the district court believes that revocation is appropriate pursuant to § 3583(e)(3), then the district court may require the defendant to serve prison time. That is apparently what occurred in the present case, and we see no violation of law or unreasonableness in the district court's decision.

Finally, Stiefel believes that the time periods noted in § 3583(e) & (h) are absolute and were fixed at the time of his first revocation. Therefore, he contends that, when the district court resentenced him at the first revocation in May of 1997 to 24 more months of imprisonment and supervised release, it set the

---

the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

putative discharge date as April of 1999,[2] and as such, it could not have resentenced him beyond that date at the second revocation.[3] That argument is without merit. At his first revocation, Stiefel was resentenced to 10 more months of imprisonment and 14 months of supervised release. Due to his failure to comply with the conditions of the second term of supervised release, the district court again revoked Stiefel's supervised release and resentenced him to 14 months of imprisonment, without credit for the 12 months served on supervised release. That was consistent with the strictures of § 3583(e)(3). And there is nothing in § 3583(e) that directly states that the time periods in that statute are absolute and fixed from the time of the first revocation.

It is true that before the 1994 amendments to § 3583, revocation of supervised release normally resulted in fixed terms of imprisonment or supervised release because supervised release could not be ordered in addition to prison time. Thus, upon revocation, the district court could extend a defendant's supervised release to the maximum authorized under law pursuant to § 3583(e)(2), or it could imprison a violating defendant to a definite term of imprisonment depending on the classification of

---

[2] Stiefel was credited with one month's prison time; thus, the total time of restrained liberty would have terminated early in April of 1999, rather than May of 1999.

[3] Thus, Stiefel argues that, at the second revocation in February of 1999, the district court should have deducted the 12 months that Stiefel spent on his second term of supervised release from the 14 month term of imprisonment so that he would be released by April of 1999.

8

the defendant's offense pursuant to § 3583(e)(3).[4]  In the instant case, the supervised release could have been extended from the original two years to three years, or the district court could have ordered Stiefel incarcerated for up to two years of imprisonment.[5]  But at the time of the first revocation, the district court did not solely rely on § 3583(e).  Instead, the district court utilized that section with § 3583(h) and formulated its sentence.  Read in conjunction with § 3583(h), § 3583(e) need not be interpreted as reflecting any fixed or absolute terms of supervised release or imprisonment.[6]  Based on these considerations, we find Stiefel's arguments to be without merit and hold that no violation of law or unreasonableness was committed on the part of the district court.

---

[4]     The terms were essentially fixed under the old § 3583 because after finishing the imprisonment time, a defendant would be released with no further supervised release that could ostensibly be violated to create further restraints on liberty.

[5]     Stiefel's offense that resulted in supervised release was a Class C or D felony.

[6]     Although this raises the hypothetical of a never-ending punishment and the possibility of an Ex Post Facto violation as to the first revocation, that argument is foreclosed due to Stiefel's failure to appeal and because of the doctrine of res judicata. *See* discussion *supra*.  As to the sentence after the second revocation, there is no such hypothetical danger since apparently the district court only applied § 3583(e)(3).  Stiefel has no more supervised release that he could possibly violate to cause further restraints on liberty.

**IV.**

For the assigned reasons, we affirm the district court's revocation of Stiefel's second term of supervised release and its imposition of a 14 month term of imprisonment.