IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51242
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMMY MOODY, also known as Tammy Hope,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-95-CR-296-ALL)
--------------------
June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tammy Moody appeals the sentence of supervised release imposed following revocation of her original supervised release. Moody had been indicted pursuant to 21 U.S.C. § 841(a)(1) for possession with the intent to distribute methamphetamine, and the government had sought to enhance that charge pursuant to 21 U.S.C. § 841(b)(1)(B). She subsequently pleaded guilty to the enhanced charge, stipulating in her plea agreement to possession of 142 grams of the substance. Invoking Apprendi v. New Jersey, 530 U.S. 466 (2000), Moody now argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in resentencing her to a four-year term of supervised release when the indictment had not charged her with possession of a specific amount of methamphetamine.

We will uphold a sentence after revocation of supervised release "'unless it is in violation of law or is plainly unreasonable.'" United States v. Stiefel, 207 F.3d 256, 259 (5th Cir. 2000)(quoting United States v. Mathena, 23 F.3d 87, 89 (5th Cir. 1994)). Even if we assumed arguendo that an Apprendi argument can be raised in the appeal of a sentence imposed following revocation of supervised release, Moody's argument nevertheless fails because in the plea agreement she stipulated to possessing 142 grams of methamphetamine. Apprendi is therefore inapplicable. See,e.g., United States v. Harper, 246 F.3d 520, 529-31 (6th Cir. 2001). Based on the quantity of methamphetamine stipulated by Moody in her plea, the district court could sentence her to a term of supervised release "of at least 4 years." See 21 U.S.C. § 841(b)(1)(B). The court was therefore authorized, pursuant to 18 § U.S.C. 3583(h), to resentence her to a four-year term of supervised release following revocation, and her Apprendi argument is unavailing.

AFFIRMED.