United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50527
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS WAYNE HEADRICK,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-72-3
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dennis Wayne Headrick appeals his guilty-plea conviction of conspiracy to manufacture methamphetamine, a violation of 21 U.S.C. § 846. Headrick contends, for the first time on appeal, that during his rearraignment proceeding the district court violated FED. R. CRIM. P. 11 in three separate instances.

Because a guilty plea involves the waiver of several constitutional rights, it must be made intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 11 requires the district court to follow certain procedures to determine whether a defendant's guilty plea is made knowingly and voluntarily. This court reviews the district court's compliance with Rule 11 to determine (1) whether the court varied from Rule 11's procedures and, if so, (2) whether the variance affected the defendant's substantial rights. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

When an appellant allows an error in a guilty-plea colloquy to pass without objection, this court reviews for plain error only. United States v. Vonn, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002). To establish plain error, an appellant bears the burden to show that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993)).

Headrick contends that the district court failed to explain the nature of the charge to him, in violation of FED. R. CRIM. P. 11(c)(1). Although the district court did not explicitly explain the elements of the conspiracy offense to Headrick, the court asked him whether he had read the indictment or had it read to him and whether he understood the charges, directed that the indictment be read to him, and directed that a factual basis for the offense be recited. These factors indicate that Headrick understood the nature of the charge. See United States v. Reyna, 130 F.3d 104, 111 (5th Cir. 1997); United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir. 2000). Headrick has not

demonstrated that any error with respect to this matter affected his substantial rights.

Headrick maintains that the district court failed to inform him of the consequences of his plea when it did not advise him fully of the effect of supervised release. The cumulative duration of Headrick's 18-month prison term, his three-year supervised-release term, and potential two-year prison term upon any revocation of supervised release falls far short of the potential 20-year statutory maximum prison term. Headrick cannot show that, under this "worst-case scenario," any Rule 11 error affected his substantial rights. See United States v. Reyes, 300 F.3d 555, 560 & n.5. Headrick has cited no legal authority suggesting that the "hypothetical of a never-ending punishment," see United States v. Stiefel, 207 F.3d 256, 261 & n.6 (5th Cir. 2000), should be considered in these circumstances.

Headrick argues that the district court erred by failing to inquire whether his decision to plead guilty resulted from discussions between the Government's attorneys and him or his attorney. See Rule 11(d). The district court's questions about whether there was a plea agreement and whether Headrick's plea was the result of coercion, threats, or promises suggest that its failure to inquire specifically about discussions was not a factor in Headrick's decision to plead guilty.

The conviction is AFFIRMED.