United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50538
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE W. STEINBRECHER,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:00-CR-184-ALL

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Clarence W. Steinbrecher appeals the 30-month sentence he received following the revocation of his supervised release after his jury-trial conviction and sentence for failing to file a tax return, in violation of 26 U.S.C. § 7203. He argues that the $50,000 fine imposed as part of his sentence following his underlying conviction exceeded the maximum allowed by statute.

Steinbrecher cannot challenge the fine imposed in the original

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment in this appeal.  *Cf. United States v. Moody*, 277 F.3d 719, 720-21 (5th Cir. 2001); *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000).  Even if Steinbrecher's challenge to the $50,000 were reviewable in this proceeding, it is without merit.  The fine imposed by the district court was authorized by law.  18 U.S.C. § 3571(b)(1) & (5), (e); 26 U.S.C. § 7203.

Steinbrecher's brief also includes several pro se issues briefed by Steinbrecher rather than counsel.  Although included with counsel's brief, counsel has not adopted these issues.  Steinbrecher does not have a "constitutional right to hybrid representation."  *See United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999); *see also* 5TH CIR. R. 28.7 ("Unless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel.").  *Cf. Myers v. Johnston*, 76 F.3d 1330, 1335 (5th Cir. 1996) ("when a criminal appellant accepts the assistance of counsel, but later objects to his attorney's appeal strategy or preparation of the brief, the criminal appellant cannot then expect to be allowed to file a supplemental brief.  By accepting the assistance of counsel the criminal defendant waives the right to present pro se briefs on direct appeal.").  Therefore, we do not consider these issues, which in any event are frivolous and wholly without merit.

AFFIRMED.