# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-51016
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN REYNALDO PARADA-JASSO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:98-CR-11-2

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Reynaldo Parada-Jasso was convicted of possession with intent to distribute a quantity of marijuana. He was sentenced to sixty-three months' imprisonment to be followed by five years of supervised release. In February 2004, the district court revoked Parada-Jasso's supervised release, and sentenced him to nine months of imprisonment to be followed by supervised release. In August 2006, the district court revoked Parada-Jasso's supervised release for a second time, and sentenced him to twenty-seven months'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. This appeal followed. Parada-Jasso contends that the district court erred by imposing a sentence that exceeded the three-to-nine-months range recommended by the applicable United States Sentencing Guidelines' policy statement. See U.S.S.G. § 7B1.4 (policy statement). Because Parada-Jasso did not object below, the parties agree that our review is limited to plain error. The parties agree that twenty-seven months is the statutory maximum.

The district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute for the revocation sentence. See 18 U.S.C. § 3583(e)(3). In doing so, the district court is to consider the factors set forth in § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. See id.; United States v. Mathena, 23 F.3d 87, 90 (5th Cir. 1994). The statutory maximum term of imprisonment upon the revocation of Parada-Jasso's first term of supervised release in 2004 was three years. See § 3583(e)(3). Parada-Jasso served nine months in prison after the revocation of that first term of supervised release. Given that the policy statements are not binding and the district court had authority to sentence Parada-Jasso to twenty-seven months' imprisonment, see United States v. Stiefel, 207 F.3d 256, 261 (5th Cir. 2000), we see no plain error in the length of the sentence standing alone. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007).

Parada-Jasso contends that the district court failed to articulate its reasons for imposing the sentence, in particular its weighing of the 18 U.S.C. § 3553(a) factors, which constitutes plain error. On plain-error review of a revocation sentence, it suffices to show that the district court implicitly considered the statutory sentencing factors. United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996). The district court's explanation of why it was imposing the sentence, although indeed quite minimal, is enough to rise above the level of plain error.

AFFIRMED.