**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-30713
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MATTHEW B SKELLY

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-257-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Matthew B. Skelly appeals the 24-month sentence imposed by the district court upon revocation of his term of supervised release. Skelly argues that the district court did not adequately explain why the three to nine month sentence recommended in the policy statements of the Sentencing Guidelines was not sufficient.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Upon revoking a defendant's supervised release, the district court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for revocation. *See* 18 U.S.C. § 3583(e)(3). The district court must consider the factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements in Chapter Seven of the Sentencing Guidelines. *Id*. at § 3583(e); *see also United States v. Mathena*, 23 F.3d 87, 92-93 (5th Cir. 1994). We review the sentence imposed on revocation of supervised release to determine whether it is unreasonable or plainly unreasonable. *See United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005) (noting it is unnecessary to decide which standard applies where a sentence passes muster under both standards).

The district court specifically noted the § 3553(a) factors and indicated its concern with Skelly's background and history, his substance abuse problems, and the danger that he posed to the public and to himself. The court noted that Skelly had received a large sentence reduction but that even this earlier term of imprisonment and his prior term of supervised release had not stopped his behavior. *See* U.S.S.G. § 7B1.4 comment. (n.4) ("[w]here the original sentence was the result of a downward departure . . . that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted"). The court stated that the three to nine month sentence suggested by the Guidelines was inadequate, noted that Skelly had already served six months but had not received any treatment, and indicated that it was imposing the sentence to provide a structured environment and to get Skelly the help that he desperately needed. Thus, the court adequately explained why a three to nine month sentence was not sufficient. Given the district court's thorough consideration of the relevant sentencing factors, Skelly has not shown that the 24-month sentence imposed was unreasonable or plainly unreasonable. *See Mathena*, 23 F.3d at 93-94 (affirming statutory maximum

sentence of 36 months where guidelines range for revocation was six to 12 months).

AFFIRMED.