# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

No. 09-50275
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL SILVA, JR., also known as Miguel Silva,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-508-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Silva, Jr., appeals the sentence imposed following the revocation of his supervised release. Silva argues that his above-guidelines 24-month sentence was unreasonable. He contends that the district court improperly made his need for medical care or other correctional treatment the sole criterion in its sentencing determination and that his marijuana usage and failure to follow reporting conditions did not merit a 24-month sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50275

Prior to *United States v. Booker*, 543 U.S. 220 (2005), we upheld a sentence imposed after revocation of supervised release unless it violated the law or was plainly unreasonable. *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000); *see* 18 U.S.C. § 3742(a)(1), (4). In *Booker*, however, the Supreme Court directed appellate courts to review sentences for reasonableness. 543 U.S. at 259-62. Although we have not squarely addressed the proper standard of review to be applied to revocation sentences, we need not do so today because Silva's sentence passes muster under either standard of review. *See United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005).

Although Silva's sentence exceeded the advisory guidelines range, it did not exceed the statutory maximum sentence that could be imposed upon revocation of supervised release. Furthermore, the record indicates that the district court considered the advisory guidelines range, the 18 U.S.C. § 3553(a) factors, and the arguments of counsel. Accordingly, Silva has not shown that his sentence was either unreasonable or plainly unreasonable. *See Hinson*, 429 F.3d at 119-20.

AFFIRMED.