# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

No. 09-50933
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD SCHUNIOR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-95-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Richard Schunior appeals as unreasonable the 24-month sentence imposed following revocation of his supervised release. He contends: the district court gave too much weight to his violation of the terms of his supervised release (by testing positive for cocaine on six separate occasions) and not enough weight to his steady employment and stable family life; and, the court relied on a faulty factual premise that he had not complied with the terms of his supervised release (no-compliance finding).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Schunior challenged his 24-month sentence as unreasonable in district court, preserving the issue for appeal. He did not object, however, to the district court's no-compliance finding; therefore, review of that claim is only for plain error (*inter alia*, a clear or obvious error that affected Schunior's substantial rights). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Prior to *United States v. Booker*, 543 U.S. 220 (2005), a sentence imposed after revocation of supervised release was upheld unless it violated the law or was plainly unreasonable. *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000); *see* 18 U.S.C. § 3742(a)(1), (4). Although we have not stated the proper standard of review to be applied to revocation sentences post-*Booker*, we need not do so now because Schunior's sentence passes muster under either standard of review. *See United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008).

Schunior's sentence exceeded the advisory guidelines range of three to nine months, but it did not exceed the statutory maximum sentence of 60 months that could have been imposed upon the revocation of his supervised release. Furthermore, the record reflects that the district court considered the advisory guidelines range, the 18 U.S.C. § 3553(a) sentencing factors, and the contentions of counsel. Accordingly, Schunior has not shown that his sentence was either unreasonable or plainly unreasonable. *See United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).

Nor has he shown that the district court plainly erred when it stated that Schunior had not complied with the terms of his release. The sentencing colloquy, when read in context and in its entirety, reflects: the district court was focused on the repeated violations of the condition prohibiting drug use; and the district court based its sentencing decision on Schunior's violations of that condition.

AFFIRMED.