**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

Lyle W. Cayce
Clerk

No. 10-10745
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY LEE NASLUND,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-69-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jimmy Lee Naslund appeals the 24-month sentence imposed following revocation of his supervised release. Naslund argues that the district court emphasized his prior criminal conduct, but failed to consider the progress he had made in transitioning back into society. Naslund points to his successful completion of 34 months of his 36 months of supervised release, including his completion of a substance abuse program and his having passed all of his drug tests, as well as his maintaining a job, buying a house, and caring for the man who had raised him, who was in failing health.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10745

While this appeal was pending, this court held that sentences imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under the plainly unreasonable standard, this court first evaluates whether the district court committed procedural error before considering "'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id.* at 843 (quoting *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)).

Naslund does not argue that the district court committed procedural error. Rather, he contends that the district court did not properly consider the totality of the circumstances in imposing sentence. However, the district court listened to the testimony at the revocation hearing, as well as the parties' arguments, specifically stated that it had considered the 18 U.S.C. § 3553(a) factors, and considered the revocation policy statements in the Guidelines. The district court found that Naslund's conduct in drinking and driving on public roadways posed a danger to the community, particularly in light of Naslund's history of DWI violations. It was not plainly unreasonable for the district court to impose a 24-month sentence given Naslund's relapse just prior to being released from supervision. *See United States v. Mathena*, 23 F.3d 87, 93-94 (5th Cir. 1994) (affirming statutory maximum sentence of 36 months where guidelines range for revocation was six to 12 months); *United States v. Silva*, 359 F. App'x 547 (5th Cir. 2010) (holding 24-month above guidelines sentence for revocation was not unreasonable or plainly unreasonable where offender argued the court considered only his need for treatment); *United States v. Skelly*, 328 F. App'x 939, 940 (5th Cir. 2009) (affirming 24-month sentence that exceeded 3-9 month guidelines range where court expressed concern regarding defendant's history of substance abuse and the danger he posed to himself and the public).

AFFIRMED.