# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30480

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Marlon Jones,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-231-8

_____

Before King, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Marlon Jones appeals the district court's resentencing of Jones following its revocation of his supervised release. Jones argues that the district court incorrectly determined that it was required to classify Jones's 2009 drug conviction as a Class A felony pursuant to the law as it stood at the time of his original conviction, rather than as a Class B felony pursuant to the law as it had changed under the retroactively applicable First Step Act of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30480

2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Because we conclude that the district court was not prohibited from considering changes in law made retroactively applicable by Congress under the First Step Act, we VACATE Jones's sentence and REMAND for resentencing.

I

In 2009, Defendant-Appellant Marlon Jones pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack-cocaine, along with quantities of cocaine hydrochloride and marijuana, in violation of 21 U.S.C. §§ 841, 846. Pursuant to Jones's plea agreement, Jones was sentenced to 168 months in prison followed by a five-year term of supervised release. This sentence was ultimately reduced in 2015 to 120 months pursuant to 18 U.S.C. § 3582(c)(2). As mandatory conditions of his supervised release, Jones was ordered not to commit any federal, state, or local crimes and to participate in a drug testing program as directed by the United States Probation Office ("Probation Office").

On January 26, 2017, Jones completed his term of imprisonment and commenced his supervised release. On August 23, 2017, and September 20, 2017, Jones submitted urine samples to the Probation Office, both of which tested positive for cocaine. On March 19, 2019, Jones was arrested by the Jefferson Parish Sheriff's Office on allegations of possession with intent to distribute a Schedule I narcotic, possession of marijuana, possession or distribution of a legend drug without a prescription, possession of a firearm as a felon, and use of a firearm in furtherance of a drug offense. Accordingly, the Probation Office filed a Petition for Warrant or Summons with the district court, noting both the arrest and drug violations. The Jefferson Parish District Attorney declined to charge Jones with drug distribution at the state level. Instead, Jones was charged with, and pleaded guilty to, possession of

less than two grams of cocaine, possession of marijuana, and possession of a firearm as a felon.

Upon Jones completing his state sentence for the above convictions, in March of 2022, the government filed a Rule to Revoke Jones's supervised release. The Probation Office prepared a dispositional report summarizing his two release violations—specifically, his convictions and failed drug tests—and recommended an advisory prison term of 12 to 18 months.

The parties first appeared before the district court for Jones's revocation hearing on March 31, 2022. At the hearing, Jones stipulated to his possession of marijuana and positive urine specimen charges, Grade C violations under U.S.S.G. § 7B1.1(a)(3), and his cocaine and firearm possession charges, Grade B violations under U.S.S.G. § 7B1.1(a)(2). However, the district court did not accept the Grade B cocaine possession stipulation, instead finding that Jones committed the offense of "possession with intent to distribute," a Grade A violation. Additionally, the district court classified Jones's original 2009 conviction as a Class A felony and concluded that Jones's sentence was subject to a mandatory maximum of five years and that the applicable sentencing guideline range was 37 to 46 months. Jones's counsel objected, arguing that under the First Step Act, his original 2009 conviction should be classified as a Class B felony, lowering the applicable guideline range and mandatory maximum. As a result, the district court continued the case to consider the argument.

The parties reconvened for Jones's second revocation hearing on August 4, 2022. The district court again summarized the alleged violations, and the government stated that it did not intend to introduce any evidence. Jones's counsel reiterated Jones's willingness to stipulate to the Grade B and Grade C violations, noting that Jones intended to "maintain that stipulation." Finally, Jones's counsel reiterated that, under the First Step

No. 22-30480

Act, Jones's underlying 2009 felony should be classified as a Class B felony, and that his maximum term on a revocation should thus be 36 months. Jones's counsel requested a sentence between 12 to 18 months, which the government did not oppose.

The district court overruled Jones's objections, finding that Jones's original 2009 federal conviction was a Class A felony. The district court cited two Fifth Circuit cases, *United States v. Moody*, 277 F.3d 719 (5th Cir. 2001), and *United States v. Crumedy*, 48 F. App'x 480, 2002 WL 31049453 (5th Cir. 2002) (per curiam), and determined that it was bound to apply the original Class A classification, rather than the then-current Class B classification. In relevant part, the district court concluded:

> The Fifth Circuit, . . . as I see it, has spoken on this direct issue. We first noted a discussion of it in the *Moody* case, [and] recently in . . . *United States [v.] Crumedy*, 48 F. App'x 480[.] [T]he Fifth Circuit cit[ed] *Moody* [and] interpreted the language of 18, United States Code, Section 3583(e)(3) which governs revocation of a term of supervised release. . . . [T]he Fifth Circuit explained at that time that the text of this provision bases the length of the sentencing for revocation on the term of supervised release authorized by statute for the offense that resulted in such term as the supervised release.
>
> The language the Fifth Circuit explained requires the District Court to consider the original statute which the defendant was convicted under and not the new changed statute. That was really first announced in *Moody* which went over that situation. This most recent case adopts it or at least cites it and discusses it.
>
> If the defendant was convicted under a statute that constitutes a Class A felony, then the defendant is deemed to have committed a Class A felony for purposes of calculating the maximum revocation sentence he's subject to. This is so even if under the present law, the defendant's crime would now fall

4

under a different statute that constitutes a lesser felony. In fact, the Circuit simply says that when the law changes and you're serving time under the first law or you're serving probation under the first law and the law changes that you're stuck with the first law rather than change.

Additionally, rather than accepting the stipulated "simple possession" Grade B violation, the district court instead concluded that Jones had, by a preponderance of the evidence, committed a Grade A "possession with intent to distribute" violation.[1] Therefore, the district court determined that Jones's maximum prison sentence was five years, calculated his advisory imprisonment range under the United States Sentencing Guidelines as 37 to 46 months, and sentenced Jones to a prison term of 40 months. Jones timely preserved his arguments and appealed.

## II

"When a defendant preserves his objection for appeal, we review a sentence imposed on revocation of supervised release under a 'plainly unreasonable' standard." *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). This is a two-step inquiry: First, we "ensure that the district court

---

[1] Originally, Jones raised multiple other issues on appeal related to the sufficiency and admissibility of the evidence relied upon by the district court in its revocation of Jones's supervised release and its decision to reclassify Jones's subsequent drug charge as "possession with the intent to distribute," rather than to accept Jones's stipulation and classify the charge as "simple possession," i.e., as the charge was prosecuted in state court. However, after the government conceded that the district court improperly relied on *Moody* and *Crumedy* and misclassified Jones's underlying conviction as a Class A felony rather than a Class B felony, Jones asked this court to consider his evidentiary arguments waived: "[I]f this Court agrees [with the government and Jones on the *Moody* and *Crumedy* issue], it should forego addressing any remaining issues raised in [his] opening brief." Accordingly, because we agree with the parties that the district court misclassified Jones's underlying conviction, we offer no opinion as to any remaining issues and consider them waived.

committed no significant procedural error, such as failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *Id.* (quoting *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013)). If the district court's procedure was not flawed, we then move on to consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (quoting *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)). If the sentence is unreasonable, "we may reverse the district court only if we further determine 'the error was obvious under existing law.'" *Warren*, 720 F.3d at 326 (quoting *Miller*, 634 F.3d at 843).

## III

When a defendant violates a condition of his or her supervised release, 18 U.S.C. § 3583(e)(3) permits courts to revoke that release and sentence the defendant to a term of imprisonment. The maximum length of that prison term depends on the severity of the original underlying offense: an offense that carries a maximum possible term of life in prison is classified as a Class A felony under 18 U.S.C. § 3559(a)(1), whereas an offense that carries a maximum possible term of 25 years or more, but less than life in prison, is classified as a Class B felony under § 3559(a)(2). The court may sentence the defendant to a prison term of no "more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, [or] more than 3 years in prison if such offense is a class B felony." 18 U.S.C. § 3583(e)(3).

The underlying felony's classification also affects the United States Sentencing Guidelines range. U.S.S.G. § 7B1.4. Specifically, "[w]here the defendant was on probation or supervised release as a result of a[n original]

sentence for a Class A felony [and the defendant committed a subsequent Grade A violation]," the guidelines recommend a longer sentence than where the defendant committed an original Class B or Class C felony. *Id.*

In 2009, Jones's original conviction for conspiracy to distribute or possess with intent to distribute 50 grams or more of crack-cocaine carried a maximum sentence of life in prison, making it a Class A felony. 21 U.S.C. § 841(b)(1)(A)(iii) (2009). However, in 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 2 of the Act, in relevant part, modified 21 U.S.C. § 841(b)(1)(A)(iii)—the provision under which Jones was convicted—by increasing the amount of crack-cocaine necessary to trigger its penalties from 50 grams to 280 grams, and modified § 841(b)(1)(B)(iii) by increasing the amount of crack-cocaine necessary from 5 grams to 28 grams. Thus, Jones would, under the new changes, only qualify for subsection (b)(1)(B)(iii), which carries a maximum sentence of 40 years—i.e., a Class B felony.

Section 2 of the Fair Sentencing Act originally applied only to defendants who were sentenced or who committed their offenses after the statute's enactment. *See Dorsey v. United States*, 567 U.S. 260, 281–82 (2012). However, in 2018, Congress passed the First Step Act of 2018, Pub. L. No. 115–391, § 404(b), 132 Stat. 5194, 5222. The First Step Act permits courts to reduce a defendant's sentence by applying the Fair Sentencing Act's reduced penalties retroactively—specifically, "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the . . . offense was committed." *Id.* Accordingly, at Jones's revocation and sentencing hearings, the First Step Act would have allowed the district court to treat his

original 2009 offense as a Class B felony, rather than a Class A felony.[2] Notably, both Jones and the government agree on this issue.

The district court declined to apply the First Step Act's retroactive changes. Relying on two Fifth Circuit cases, *United States v. Moody*, 277 F.3d 719 (5th Cir. 2001), and *United States v. Crumedy*, 48 F. App'x 480, 2002 WL 31049453 (5th Cir. 2002) (per curiam), the district court concluded that it was required to apply the law as it stood when Jones was convicted of his original offense in 2009 and not the law as it stood during Jones's sentencing pursuant the First Step Act. Both Jones and the government argue this was reversable error. We agree.

The district court's reliance on *Moody* and *Crumedy* was misplaced. As an initial matter, both *Moody* and *Crumedy* predate the Fair Sentencing Act by almost a decade and the First Step Act by almost two decades. More importantly, however, both cases had to do with developments in *caselaw* that changed the requirements of—and therefore the applicability of—certain laws during resentencing.[3] Neither case concerned changes to laws made by

_____

[2] Although this court has not specifically addressed whether the First Step Act applies to defendants who already completed their original custodial sentences and are serving prison terms imposed for violating the terms of their supervised release, our sister circuits have concluded that it does. *See, e.g.*, *United States v. Gonzalez*, No. 22-2607, 2023 WL 2642914, at *2 (3d Cir. Mar. 27, 2023); *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019); *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Corner*, 967 F.3d 662, 664–67 (7th Cir. 2020); *United States v. Baker*, No. 21-2182, 2022 WL 523084, at *3 (7th Cir. Feb. 22, 2022); *United States v. Gonzalez*, 71 F.4th 881, 883-85 (11th Cir. 2023). Finding their reasoning and decisions persuasive, we conclude the same.

[3] In *Moody*, the defendant, who originally pleaded guilty to distributing 142 grams of methamphetamine under 21 U.S.C. § 841(b)(1)(C), challenged an additional term of supervised release on the ground that a Fifth Circuit case decided after her initial conviction made her no longer eligible for the statute's more severe penalties (i.e., she could no longer be convicted under that statute), even though she was eligible when originally convicted. *Moody*, 277 F.3d at 720. The court explained that under 18 U.S.C. § 3583(h), "courts . . . look to the 'statute for the offense *that resulted in the original term of*

No. 22-30480

Congress through statutory adjustments. Nor did either case concern changes to laws that Congress clearly intended to apply retroactively. To the extent that caselaw or Congress modifies a law, and that modification is *not* retroactive, *Moody* and *Crumedy* still apply. But when Congress properly changes a law and expresses a clear intention to allow courts to consider that change retroactively, our cases should not be read to stand in Congress's way. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 297 (5th Cir. 2002) ("If Congress has clearly expressed whether [a] statute should apply retroactively, the inquiry ends." (citing *Landgraf v. USI Film Prod.*, 511 U.S. 244, 280 (1994))); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990) ("[W]here the congressional intent is clear, it governs."). Accordingly, the district court committed clear and significant procedural error resulting in a decision that was plainly unreasonable.

In so deciding, we emphasize that our holding is limited to the district court's *ability* to consider the First Step Act's changes during sentencing. We offer no opinion as to whether Jones is *entitled* to a reduced sentence under the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391,

---

*supervised release.*'" *Id.* at 721 (quoting 18 U.S.C. § 3583(h)). Thus, "[t]hough [defendant] [was] correct that a defendant convicted today of possession of a drug quantity not specified in the indictment would be sentenced under § 841(b)(1)(C), that was not the state of the law at the time [defendant] was convicted and sentenced." *Id.* Accordingly, the court sentenced the defendant under the law as it was when she was convicted, not as it had evolved under Fifth Circuit precedent.

In *Crumedy*, the defendant appealed a 30-month sentence that he received upon revocation of his supervised release on the ground that a Supreme Court case decided after his original conviction made him no longer eligible for the statute's more severe penalties (i.e., he could no longer be convicted under that statute), even though he was eligible when originally convicted. *Crumedy*, 2002 WL 31049453, at *1. Citing *Moody*, the *Crumedy* court explained "[18 U.S.C. § 3583(h)'s] language requires the district court to consider the original statute under which the defendant was sentenced." *Id.* Accordingly, the court sentenced the defendant under the law as it was when he was convicted, not as it had evolved under Supreme Court precedent. *Id.*

No. 22-30480

§ 404(c), 132 Stat. 5194, 5222 ("Nothing in [the First Step Act] shall be construed to require a court to reduce any sentence pursuant to [the First Step Act].").

## IV

For the forgoing reasons, we hold that the district court erred by concluding that *Crumedy* and *Moody* prohibited it from considering the First Step Act's changes during resentencing. Therefore, we VACATE Jones's sentence and REMAND for resentencing in light of this opinion.